HORACE WIGGIN, *et al.*, v. ESTHER KING.

EJECTMENT, brought by *King* against *Wiggin* and another. Trial at the May Term, 1884, of the district court of Franklin county, and judgment for plaintiff.  The defendants bring the case here.

*H. C. Mechem*, for plaintiffs in error.

*H. P. Welsh*, and *W. H. Clark*, for defendant in error.

*Per Curiam:* This is an action in the nature of ejectment, brought by Esther King against Horace Wiggin and Albert E. Wiggin, for the recovery of an eighty-acre tract of land situated in Franklin county, Kansas. The trial having resulted in favor of the plaintiff, the defendants bring the case here for review. Esther King was an Ottawa Indian, and the land in controversy, being a part of the Ottawa reservation, was allotted to her under the provisions of the treaty concluded on the 24th day of June, 1862, and upon this allotment her right of recovery was based. The plaintiffs in error claim the land under a guardian's deed, which purported to be executed by the guardian of Esther King in October, 1872, before she became of full age. The question presented for determination was whether, under the restrictions of the treaty of 1862 and the treaty of 1867, the lands allotted to Esther King could be alienated while she was yet a minor. The court answered this question in the negative, and excluded the guardian's deed from its consideration. The case, as will be seen, falls within the decision of *Campbell v. Paramore,* 17 Kas. 639. The provisions of the treaties of 1862 and of 1867 relating to restrictions upon the alienation of land were there considered and interpreted, and it was held that the restrictions upon the sale of land allotted to minors were not removed until they arrived at full age. If the contention of the plaintiffs in error, that the Ottawa Indians, under the terms of the treaty of 1862, became citizens before the treaty of 1867 took effect, was upheld, it would result in nullifying the treaty of 1867, because the president and senate are not authorized to enter into a treaty with citizens of the United States. If we are in error in the view which has been taken in the treaties, the plaintiffs in error are not without remedy, as the question is one which may be presented to the supreme court of the United States for its decision; but we are disposed to follow the ruling in the case cited, and therefore the judgment of the district court will be affirmed.